J-S64030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EFRAIN MIRANDA III, | : | |
| | : | |
| Appellant | : | No. 263 EDA 2018 |

Appeal from the Order Entered December 20, 2017
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0004165-2011

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 20, 2018**

Appellant, Efrain Miranda III, appeals *pro se* from the December 20, 2017 order dismissing his second petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

During the summer of 2011, police witnessed Appellant sell narcotics to numerous individuals.  On July 18, 2012, Appellant pled guilty to ten counts of possession with intent to deliver a controlled substance,[1] ten counts of conspiracy to possess with intent to deliver a controlled substance,[2] and ten counts of corrupt organizations.[3]  On September 6, 2012, the trial court

---

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S.A. § 903, 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S.A. § 911(b)(1).

sentenced him to an aggregate term of 12 to 29 years' imprisonment. Appellant did not file a direct appeal.

On July 8, 2013, Appellant filed a timely PCRA petition. After an evidentiary hearing, the PCRA court denied the petition on December 10, 2013. This Court affirmed. ***Commonwealth v. Miranda***, 116 A.3d 697, 2014 WL 10753724 (Pa. Super. 2014) (unpublished memorandum).

On December 8, 2017, Appellant filed a document he titled a petition for a writ of *habeas corpus*. On December 20, 2017, the PCRA court denied the petition for a writ of *habeas corpus*. This timely appeal followed.[4]

Appellant presents two issues for our review:

1. Whether [the PCRA court] erred as a matter of law, in not treating [Appellant's filing] as a [PCRA petition]?

2. Whether [the PCRA court] erred as a matter of law[ by] concluding that, [it] lacked [s]ubject [m]atter [j]urisdiction over [Appellant's p]etition . . . ?

Appellant's Brief at 4.[5]

In his first issue, Appellant argues that the PCRA court erred by not treating his petition for a writ of *habeas corpus* as a PCRA petition. Whether a pleading is properly construed as a PCRA petition is a question of law; therefore, our standard of review is *de novo* and our scope of review is

---

[4] Appellant and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925.

[5] We have re-numbered the issues for ease of disposition.

plenary. *See Commonwealth v. Descardes*, 136 A.3d 493, 497 (Pa. 2016) (citation omitted).

"The [PCRA is] the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose. . . including *habeas corpus* and *coram nobis*." 42 Pa.C.S.A. § 9542. A petition for writ of *habeas corpus* is only appropriate where a petitioner's claim is not cognizable under the PCRA. *See Descardes*, 136 A.3d at 499. In his petition for a writ of *habeas corpus*, Appellant argued that the trial court lacked subject matter jurisdiction over his criminal case and that he received an illegal sentence. These claims are cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(1)(vii), (a)(1)(viii). Accordingly, the PCRA court erred by not treating Appellant's filing as a PCRA petition.

In his second issue, Appellant argues that the PCRA court erred by dismissing his PCRA petition for want of jurisdiction. The PCRA court correctly concluded that it lacked subject matter jurisdiction. *Cf. Commonwealth v. Katona*, 191 A.3d 8, 16 (Pa. Super. 2018) (we may affirm on any basis).

"The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature." *Commonwealth v. Montgomery*, 181 A.3d 359, 365 (Pa. Super. 2018) (*en banc)* (cleaned up). "The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review

plenary." ***Commonwealth v. Hudson***, 156 A.3d 1194, 1197 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1007 (Pa. 2017) (citation omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Appellant's judgment of sentence became final on October 12, 2012 at the expiration of the time for seeking review by this Court. Appellant's petition was filed over five years later. Thus, the petition was patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

In this case, Appellant failed to plead that he satisfied any exception to the PCRA's one-year time bar. **See** PCRA Petition, 12/8/17, at 1. Failure to plead the applicability of a timeliness exception in the PCRA petition renders the PCRA court without jurisdiction to consider the merits of the petition. **See Commonwealth v. Derrickson**, 923 A.2d 466, 468-469 (Pa. Super. 2007), *appeal denied*, 934 A.2d 72 (Pa. 2007). As Appellant did not plead the applicability of a timeliness exception in his petition, the PCRA court lacked jurisdiction to reach the merits of the petition and we affirm on that basis.[6]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/18

---

[6] "The PCRA court failed to issue [notice pursuant to Pennsylvania Rule of Criminal Procedure 907] before denying relief. Nevertheless, Appellant has not raised this issue on appeal, so he waived any defect in notice." **Commonwealth v. Zeigler**, 148 A.3d 849, 852 n.2 (Pa. Super. 2016) (citation omitted).